UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE SHOPS AND GARAGE AT<br>CANAL PLACE, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 20-2271 |
| WILSON CANAL PLACE II, LLC | SECTION: "G"(4) |

### ORDER AND REASONS

This litigation arises out of a dispute regarding the interpretation of a lease allegedly entered into by Plaintiff The Shops and Garage at Canal Place LLC ("Plaintiff") and Defendant Wilson Canal Place II LLC ("Defendant") for a commercial parking garage in New Orleans, Louisiana.[1] On October 22, 2020, the Court entered an Order denying Plaintiff's motion to remand (the "Remand Order").[2] Pending before the Court is Plaintiff's "Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Continue Scheduling Conference."[3] On October 27, 2020, the Court issued an Order denying the motion in part to the extent Plaintiff sought to continue the scheduling conference.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court now denies the motion for certification of interlocutory appeal of the Remand Order.

---

[1] Rec. Doc. 1-2 at 1–2.

[2] Rec. Doc. 24.

[3] Rec. Doc. 27.

[4] Rec. Doc. 30. The parties accordingly attended the scheduling conference on November 10, 2020. Rec. Doc. 32.

1

### I. Background

*A.     Factual Background*

This declaratory judgment action arises out of a dispute regarding the interpretation of a lease allegedly entered into by Plaintiff and Defendant on February 24, 2016 for a commercial parking garage in New Orleans, Louisiana (the "Lease").[5] Plaintiff submits that it leases the commercial parking garage from Defendant pursuant to the terms of the Lease.[6] Plaintiff claims that the Lease includes both a provision requiring Plaintiff to make payments in excess of $7 million per year ("Minimum Rent") and an "Interruption of Use" provision that "protects" Plaintiff from having to pay the Minimum Rent when an "unforeseen act of God or unforeseen cause beyond the reasonable control of [Plaintiff] interrupts or substantially impairs the use of the Leased Premises, allowing such Minimum Rent to abate until the day after the cause of the interruption or substantial impairment of use is removed."[7]

Plaintiff alleges that the COVID-19 pandemic has "substantially impaired" the commercial parking garage operations, leading to a 75% drop in gross transient revenue.[8] Plaintiff further alleges that Defendant agreed by letter dated April 9, 2020 (the "April 2020 Letter") that the "Interruption of Use" provision was triggered, resulting in Plaintiff no longer being obligated to pay the Minimum Rent amount.[9] Plaintiff avers that in a subsequent letter to Plaintiff dated June 18, 2020, Defendant stated that the "Interruption of Use" provision was "no longer applicable and

---

[5] Rec. Doc. 1-2 at 1–2.

[6] *Id.* at 4.

[7] *Id.* (internal quotations omitted).

[8] *Id.* at 3.

[9] *Id.* at 4–5.

that [Plaintiff's] obligation to pay Minimum Rent resumed as of June 13, 2020."[10] Plaintiff argues that the COVID-19 pandemic and its effects are ongoing and therefore contests Defendant's assertion that the cause of the "Interruption of Use" provision has been removed.[11]

### B.     Procedural Background

Prior to the instant action, Plaintiff had filed suit against Defendant in the Civil District Court for the Parish of Orleans, State of Louisiana ("CDC") on March 22, 2020. The April 2020 Letter addressed to Plaintiff from Defendant states that "[w]ithin three (3) business days after the date of this settlement letter, [Plaintiff] shall file a motion to dismiss without prejudice the lawsuit filed by Plaintiff on March 22, 2020."[12] Thereafter, the first lawsuit was dismissed without prejudice.[13]

On July 17, 2020, Plaintiff filed a petition in the instant action for declaratory judgment in the CDC.[14] In the petition, Plaintiff asserts that the parties "contractually agreed" that a declaratory judgment action arising out of a substantial impairment to the use of the leased premises resulting from the COVID-19 pandemic "shall have 'exclusive venue' in either the CDC or in the United States District Court for the Eastern District of Louisiana."[15] Plaintiff seeks a declaration that the abatement of Minimum Rent did not end on June 12, 2020, and that Plaintiff was not obligated to resume paying Minimum Rent as of June 13, 2020.[16] Plaintiff also seeks attorneys' fees, litigation

---

[10] *Id*. at 5 (internal quotation marks and emphasis omitted).

[11] *Id*. at 5–6.

[12] Rec Doc. 9-2 at 2.

[13] The parties do not dispute that the first action was dismissed.

[14] Rec. Doc. 1-2.

[15] Rec. Doc. 1-2 at 2.

[16] *Id*. at 8.

3

expenses, expert fees, and court costs.[17] On August 14, 2020, Plaintiff filed an amended petition seeking additional declaratory relief.[18]

Defendant removed the action to this Court on August 14, 2020, pursuant to the federal diversity jurisdiction statute Title 28, United States Code, Section 1332.[19] In the notice of removal, Defendant represents that it is a limited liability company whose sole member is the State of Wisconsin Investment Board ("SWIB").[20]

On September 13, 2020, Plaintiff filed a motion to remand this action to the CDC.[21] The Court granted Plaintiff's request for oral argument on the motion to remand and held oral argument on October 20, 2020.[22] On October 22, 2020, this Court denied Plaintiff's "Motion to Remand."[23] In reaching this decision, the Court resolved three legal issues presented by the motion: (1) the Court found that the parties are diverse because SWIB is a citizen of Wisconsin and Plaintiff is a citizen of Louisiana; (2) the Court determined that Defendant had not waived its right to remove the action to this Court; and (3) the Court found it proper to exercise its discretion to maintain jurisdiction over this declaratory judgment action.[24]

On December 15, 2020, Plaintiff filed a "Second Supplemental and Amending Complaint" seeking both damages and declaratory relief.[25]

---

[17] *Id*.

[18] *Id*. at 16.

[19] Rec. Doc. 1

[20] *Id*. at 2.

[21] Rec. Doc. 9

[22] Rec. Doc. 11; Rec. Doc. 16.

[23] Rec. Doc. 24.

[24] *Id*.

[25] Rec. Doc. 36.

On October 26, 2020, Plaintiff filed the instant "Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Continue Scheduling Conference" seeking to appeal the Remand Order.[26] On October 27, 2020, the Court issued an Order denying the motion in part to the extent it sought to continue the scheduling conference in this action.[27] On November 10, 2020, Defendant filed an opposition to the instant motion for certification of interlocutory appeal.[28] On January 26, 2021, with leave of Court, Plaintiff filed a notice of supplemental authority.[29] On January 28, 2021, with leave of Court, Defendant filed a supplemental opposition to the instant motion.[30]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion to Certify for Interlocutory Appeal*

Plaintiff argues that this Court should certify the Remand Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) for three reasons.[31] First, Plaintiff argues that the issues addressed in the Remand Order involve a "controlling question of law."[32] Plaintiff relies on caselaw from a federal district court in the District of Maryland to argue that the determination of whether a public entity is a citizen of its state or an "arm" or "alter ego" of its state presents a controlling question of law.[33]

---

[26] Rec. Doc. 27.

[27] Rec. Doc. 30. The parties accordingly attended the scheduling conference on November 10, 2020. Rec. Doc. 32.

[28] Rec. Doc. 31.

[29] Rec. Doc. 40.

[30] Rec. Doc. 42-2.

[31] Rec. Doc. 27-1 at 1.

[32] *Id.* at 4–8.

[33] Rec. Doc. 27-1 at 6.

Second, Plaintiff contends that the Remand Order presents "substantial ground for difference of opinion."[34] Plaintiff argues that the Remand Order involved a "matter of first impression" because no "Louisiana case" has examined the effects of the COVID-19 pandemic on the particular Lease provision at issue in this matter.[35] Plaintiff then argues that "two separate district courts in Pennsylvania" have reached a "contrary result" from this Court regarding whether or not to maintain jurisdiction over declaratory judgment actions involving COVID-19-related contractual issues.[36] For these reasons, Plaintiff asserts that "there is sufficient difference of opinion to warrant certification" under 28 U.S.C. § 1292(b).[37]

Third, Plaintiff argues that "a decision from the Fifth Circuit will materially advance the termination of this litigation."[38] Plaintiff contends that interlocutory appeal would "promote judicial economy and would conserve judicial resources because the case will not have to be tried twice" in case of reversal.[39]

### B.     *Defendant's Arguments in Opposition to the Motion to Certify for Interlocutory Appeal*

In opposition, Defendant argues that an interlocutory appeal should not be certified under 28 U.S.C. § 1292(b) for three reasons.[40] First, Defendant contends that Plaintiff inappropriately bifurcates the "high standard" for interlocutory appeal.[41] Defendant points out that Plaintiff cites

---

[34] *Id.* at 9–10.

[35] Rec. Doc. 27-1 at 9.

[36] *Id.* at 10.

[37] *Id.*

[38] *Id*. at 10–11.

[39] *Id.* at 11.

[40] Rec. Doc. 31 at 1.

[41] *Id*. at 3.

this Court's determination that SWIB is a citizen of Wisconsin to argue that the Remand Order raises a "controlling question of law."[42] Then, Defendant notes that Plaintiff cites an entirely different issue—this Court's decision to maintain jurisdiction over the declaratory judgment action—to argue that the Remand Order presents "substantial ground for a difference of opinion."[43] Defendant contends that Plaintiff's "attempt to cobble together an argument by attacking different parts of the Court's ruling does not meet the high standard for obtaining an interlocutory appeal."[44]

Second, Defendant argues that the issue of "whether SWIB is a citizen of Wisconsin or an arm of that state . . . does not involve a controlling question of law as to which there is substantial ground for difference of opinion."[45] Defendant avers that a determination of SWIB's citizenship "involves the application of well-settled law to a set of facts."[46] Defendant asserts that Plaintiff's disagreement with the Court's application of the *Tradigrain* factors set forth by the Fifth Circuit "does not rise to the heightened standard for interlocutory appeal."[47] In addition, Defendant contends that "the fact that two district courts in Pennsylvania have declined to hear cases involving highly-regulated-insurance issues related to COVID-19 simply does not present a substantial ground for difference of opinion."[48]

Third, Defendant argues that "an interlocutory appeal on the issue of remand will in no

---

[42] *Id.* at 2.

[43] *Id.*

[44] *Id.* at 3.

[45] *Id.* at 4.

[46] *Id.*

[47] *Id.* at 5.

[48] *Id.*

way materially advance the ultimate termination of this litigation."[49] In addition, Defendant notes that "[t]he cases cited by [Plaintiff] do not establish that this Court's Order is appropriate for interlocutory appeal."[50] For these reasons, Defendant argues that the Court should deny Plaintiff's motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[51]

C. *Plaintiff's Notice of Supplemental Authority in Support of the Motion to Certify for Interlocutory Appeal*

In the notice of supplemental authority, Plaintiff points to a decision issued by a federal district court in the Northern District of Ohio certifying a case to the Supreme Court of Ohio.[52] Plaintiff contends that the Ohio federal district court "certified to the Ohio Supreme Court a question regarding Ohio's unresolved law as [it] relates to COVID-19."[53]

D. *Defendant's Arguments in Further Opposition to the Motion to Certify for Interlocutory Appeal*

In the supplemental opposition to the instant motion, Defendant sets forth two additional arguments in opposition to certification for interlocutory appeal. First, Defendant argues that the case cited by Plaintiff in the notice of supplemental authority is an "Ohio decision" in a "class action involving insurance," and does not apply to the issues in this case.[54] Second, Defendant argues that Plaintiff's new claims for damages asserted in the Second Amended Complaint preclude discretionary remand because this action is no longer a "pure" declaratory judgment

---

[49] *Id.* at 5–6.

[50] *Id.* at 6.

[51] *Id.* at 2–3.

[52] Rec. Doc. 40.

[53] Rec. Doc. 38 at 1.

[54] Rec. Doc. 42-2 at 2.

action.[55] Defendant contends that under Fifth Circuit precedent, a stricter standard applies to abstention when coercive relief is requested than the "greater discretion" afforded to federal district court judges when deciding whether or not to entertain a declaratory judgment action.[56]

### III. Legal Standard

Title 28, United States Code, Section 1292(b) allows for interlocutory appeals when a district court finds that a non-final order "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."[57] The moving party carries the burden of showing the necessity of interlocutory appeal.[58] The availability of appeal under § 1292(b) does not "jeopardiz[e] the usual role of not permitting an appeal until all the proceedings on the trial court level are complete."[59] An interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment."[60] The decision of whether or not to grant such a request lies within the sound discretion of the trial court.[61]

### IV. Analysis

In the Remand Order, the Court found that it has diversity jurisdiction over the instant

---

[55] *Id.* at 3.

[56] *Id.* at 3–5.

[57] 28 U.S.C. § 1292(b); *see also In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

[58] *See Chauvin v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 06-7145 R(5), 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007) (Vance, J.) (citing *Complaint of L.L.P.&D. Marine, Inc.*, No. CIV.A. 97-1668, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998)).

[59] 10 Charles Alan Wright et al., Fed. Prac. & Proc. § 2658.2 (3d ed.).

[60] *Clark-Dietz & Assoc.-Eng'r, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983).

[61] *Swint v. Chambers Cnty Com'n*, 514 U.S. 35, 46 (1995) (explaining that in passing 28 U.S.C. § 1292, "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

action pursuant to the federal diversity jurisdiction statute 28 U.S.C. § 1332.[62] In reaching this conclusion, the Court found that SWIB, Defendant's sole member, is not an arm of the state of Wisconsin.[63] The Court relied on the *Tradigrain* factors set forth by the Fifth Circuit to find that SWIB is an independent agency and thus a citizen within the meaning of 28 U.S.C. § 1332.[64] In addition, the Court applied the seven *Trejo* factors set forth by the Fifth Circuit in deciding to exercise its discretion to maintain jurisdiction over this declaratory judgment action.[65] In its analysis, the Court rejected Plaintiff's argument that a Louisiana state court is a more appropriate forum to decide contractual issues arising from the COVID-19 pandemic.[66]

Plaintiff now urges the Court to certify the Remand Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[67] Plaintiff argues that the Remand Order involves a "controlling question of law" and presents "substantial ground for difference of opinion."[68] Defendant counters that the "high standard" for interlocutory appeal under 28 U.S.C. § 1292(b) is not satisfied in this case.[69] Defendant argues that Plaintiff fails to establish that the Remand Order involves a controlling question of law as to which there is substantial ground for difference of opinion.[70] Defendant points out that Plaintiff "attempt[s] to cobble together an argument by attacking different parts of the

---

[62] Rec. Doc. 24 at 13.

[63] *Id.*

[64] *Id.* at 11–13; *see also Tradigrain, Inc. v. Mississippi State Port Auth.* 701 F.2d 1131 (5th Cir. 1983).

[65] Rec. Doc. 24 at 18–23.

[66] *Id.* at 19–20.

[67] Rec. Doc. 27-1 at 1.

[68] *Id.* at 4, 9.

[69] Rec. Doc. 31 at 3.

[70] *Id.* at 2.

Court's ruling . . . ."[71] Defendant also contends that interlocutory appeal will not materially advance the termination of this litigation.[72]

As an initial matter, the Court finds that Plaintiff does not identify a single issue that it argues involves a controlling question of law *and* presents a substantial ground for difference of opinion as required by the plain language of 28 U.S.C. § 1292(b). Plaintiff first cites this Court's determination that SWIB is a citizen of Wisconsin to argue that the Remand Order raises a "controlling question of law."[73] Then, Plaintiff cites an entirely different issue—this Court's decision to maintain jurisdiction over the declaratory judgment action—to argue that the Remand Order presents "substantial ground for a difference of opinion."[74] Plaintiff does not identify a single issue that it argues involves a controlling question of law *and* presents a substantial ground for difference of opinion as required by the plain language of 28 U.S.C. § 1292(b). As noted by Defendant, Plaintiff cannot meet its burden for obtaining interlocutory appeal by attempting to "cobble together" distinct issues in the Remand Order.[75] Nevertheless, the Court will consider whether or not either issue meets the high standard for interlocutory appeal set forth in 28 U.S.C. § 1292(b).

---

[71] *Id.*

[72] *Id.* at 5.

[73] Rec. Doc. 27-1 at 6.

[74] *See id.*

[75] Rec. Doc. 31 at 3.

11

A.     **Whether the issue of SWIB's citizenship involves a controlling question of law as to which there is substantial ground for difference of opinion.**

Plaintiff does not dispute that the Court applied the correct law, namely the *Tradigrain* factors, to the facts at issue to determine whether SWIB is a citizen of Wisconsin or an arm of the state of Wisconsin.[76] Rather, Plaintiff disagrees with the Court's conclusion that SWIB is a citizen of Wisconsin.[77] In opposition, Defendant avers that a determination of SWIB's citizenship "involves the application of well-settled law to a set of facts."[78]

In concluding that SWIB is a citizen of Wisconsin, this Court both diligently applied Fifth Circuit law and cited to clear authority from the United States Court of Appeals for the Fourth Circuit and the Wisconsin Court of Appeals.[79] Rather than relying on caselaw from the Fifth Circuit, Plaintiff points to a single decision by a district judge in the District of Maryland certifying an appeal on the question of whether the University of Maryland and the University of Maryland Stadium Authority are "citizens" of the State of Maryland.[80] Moreover, at no point does Plaintiff challenge the Court's application of the *Tradigrain* factors set forth by the Fifth Circuit; rather, Plaintiff disagrees only with the Court's conclusion. Therefore, the Court finds that the issue of SWIB's citizenship does not involve a controlling question of law as to which there is substantial ground for difference of opinion.

---

[76] *See* Rec. Doc. 27-1.

[77] *Id.* at 6–8.

[78] Rec. Doc. 31 at 4.

[79] *See* Rec. Doc. 24 at 11–13.

[80] Rec. Doc. 27-3.

**B.     Whether the Court's decision to maintain jurisdiction over this action involves a controlling question of law as to which there is substantial ground for difference of opinion.**

The Court finds that its decision to exercise its discretion to maintain jurisdiction over this declaratory judgment action also does not present a substantial ground for difference of opinion. Plaintiff argues that the Remand Order involved a "matter of first impression" because no "Louisiana case" has examined the effects of the COVID-19 pandemic on the particular Lease provision at issue in this matter.[81] This Court routinely addresses contractual disputes in a variety of contexts. The COVID-19 pandemic is simply the factual context within which this dispute arises. The factual circumstances presented by COVID-19 do not convert this case to a matter of first impression. If they did, every time a contractual dispute arose within a new factual context, it would involve a matter of first impression. That is simply not what is intended by "matter of first impression."[82] Moreover, it is irrelevant whether this case presents a "matter of first impression" because the standard for interlocutory appeal set forth in 28 U.S.C. § 1292(b) does not include such a requirement.[83]

In addition, the Court is unpersuaded by Plaintiff's contention that there exists a substantial ground for difference of opinion because two federal district court judges in Pennsylvania declined to exercise jurisdiction in declaratory judgment cases involving the effect of COVID-19 on contractual agreements with insurers.[84] Similarly, the Court finds the case cited in Plaintiff's notice of supplemental authority, *Neuro-Communication Services, Inc. et al. v. The Cincinnati Insurance*

---

[81] *Id.* at 9.

[82] A "case of first impression" is defined as "a case that presents the court with an **issue of law** that has not previously been decided by any controlling legal authority in that jurisdiction." CASE, Black's Law Dictionary (11th ed. 2019) (emphasis added).

[83] 28 U.S.C. § 1292(b).

[84] *Id.* at 10.

*Company et al.*, inapposite here.[85] There, a district judge in the Northern District of Ohio certified the question of whether the presence of COVID-19 "constitute[s] direct physical loss or damage to property" to the Supreme Court of Ohio because it found that the issue raises an "important question of state law implicating many cases."[86] In *Neuro-Communication Services*, plaintiffs seek class certification of a "nationwide class of insureds holding similar policies."[87] In this case, by contrast, Plaintiff seeks a declaration of its individual rights with respect to its individual lease with Defendant. As a result, the Court finds that the decision to maintain jurisdiction over this declaratory judgment action does not present a controlling question of law as to which there is substantial ground for difference of opinion.

For these reasons, the Court finds that Plaintiff fails to meet its burden of showing that the Remand Order involves a controlling issue of law as to which there is substantial ground for difference of opinion. Therefore, immediate appeal of the Court's Remand Order is not warranted under 28 U.S.C. § 1292(b). Accordingly,

---

[85] Rec. Doc. 40.

[86] *See generally id.*

[87] Rec. Doc. 40 at 3.

**IT IS HEREBY ORDERED** that Plaintiff The Shops and Garage at Canal Place LLC's "Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Continue Scheduling Conference"[88] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 1st day of February, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[88] Rec. Doc. 27.